UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT L. McFARLAND,        )<br>                             )<br>        Plaintiff           )<br>                             )    CAUSE NO. 3:05-CV-376 RM<br>    vs.                      )<br>                             )<br>LINDA WACHS, *et al.*        )<br>                             )<br>        Defendants           ) | |

<u>OPINION AND ORDER</u>

Robert L. McFarland, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Colley</u>, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. McFarland alleges that he was fired from his job and given a conduct report out of retaliation because of his race on May 6, 2003. The statute of limitations bars these claims. Though the statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002).

Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. Campbell v. Chappelow, 95 F.3d 576, 580 (7th Cir. 1996).

In this case, the time for presenting these claims expired on May 6, 2005. Mr. McFarland signed his complaint on May 27, 2005. For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June 23 , 2005

        /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court