UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT L. McFARLAND, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-376 RM |
| vs. ) | |
| ) | |
| LINDA WACHS, *et al.* ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Robert L. McFarland, a *pro se* prisoner, submitted a letter which the court construes as a motion pursuant to FED. R. CIV. P. 59. Mr. McFarland says his complaint isn't barred by the statute of limitations because the events described in his complaint occurred in 2005 rather than 2003. Though his complaint states, "On 5-02-03, Robert McFarland was talking to another offender while working at the garment shop . . ." (complaint at 4A, docket # 1), there are also other references to events in 2005. Based on the current motion, the court accepts this as a scrivener's error in the complaint, will grant the motion, and will review the merits of these allegations.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under

§ 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. McFarland alleges that he was fired from his job and given a conduct report out of retaliation for his filing a grievance and because of his race.

> A. On 5-02-0[5] Robert McFarland was talking to another offender while working at work in the garment shop, and was approached by the supervisor Linda Wachs and was told to "Shut up, and shut your mouth, and to stop talking or I can have you sent back to the housing unit if you didn't like what I said," by Linda Wachs the defendant. The plaintiff Robert L. McFarland then asked the defendant Linda Wachs what did she mean by that, and Linda Wachs stated to him "Just like I said!" McFarland stopped talking and presumed to his work.
> B. Around 10:30 am after lunch Linda Wachs told all of the offender workers to sit down and she will call people up to pick up their tools by the numbers, and when she called Robert McFarland's number (the plaintiff) he went up to receive his tools and asked the defendant Linda Wachs for her name in which she gave in a very

displeasing way, and then McFarland asked the defendant if he could ask her a question about what she said earlier that day and she said yes. McFarland asked the defendant if telling him to shut up or that he could not talk was in the contract or application that he signed because he was doing his work as he was talking. Linda Wachs stated "I said that you can talk at a medium." McFarland then stated that "you told me to shut up and that I could not talk, and that if I did not like what you said you can have me sent back to the unit!" The defendant Linda Wachs said that she was not going to argue. McFarland stated to her that he is not arguing he just wanted to resolve the issue because she only said something to him and not the person he was talking to, nor the four Eurpeans who were directly across from him talking way louder than him and that her saying something to him only seemed like she singled him out, and her actions seemed like a bias and discrimitive act towards him! Linda Wachs began to yell saying that if he did not sit down and shut up that she will take his job if he did not shut up. The plaintiff Robert McFarland stated to the defendant Linda Wachs that "being that your are acting very unprofessional about this issue you created I will just write a grievance about your singling me out, and about your bias and discriminative behavior." Then Linda Wachs "the defendant" stated to the plaintiff that if he writes her up that she would fire him due to the writeup, and that she will write him up saying he refused to work, and that she will get away with doing so," threatening the plaintiff trying to keep him from exercising his 14th amendment right to due process, and by doing so violated his first amendment right by abusing her authoritive power and discretion. McFarland told the defendant again that "I will write you up", and that her threats do not scare him. The defendant stated to the plaintiff that "that's it you're going back to the housing unit. The plaintiff went back to the housing asked the counselor by request for a grievance received the grievance and wrote Linda Wachs up for her behavior and her threats.

      C. On Friday 5-06-05 6:30 am the plaintiff back to work and was told by supervisor Jerry that he was not supposed to be there that Linda Wachs fired him due to what had happen on Monday 5-02-05. The defendant Linda Wachs fired the plaintiff out of retaliation due to his writing a grievance against her violating his 1st, 8th, and 14th amendment of the United States Constitution.

      D. On Friday 5-05-05 the plaintiff received a conduct report written by Linda Wachs out of retaliation against the plaintiff Robert McFarland for refusing to obey a direct order, and due to firing McFarland and taking his job, and her writing McFarland up with a frivolous conduct report punishing him because he exercised his 14th

> amendment right is in violation of the 1st, 8th, and 14th amendments of the United States Constitution.

Complaint at 4A-4C, docket # 1.

Attached to his motion, Mr. McFarland has submitted a copy of his Offender Evaluation and Performance Report (docket # 6, exhibit J) signed by a foreman on May 2, 2005 stating that he was terminated from his job and reclassified to idle. Also attached is the Report of Conduct against him (docket # 6, exhibit A1) dated May 3, 2005; this report bears his signature indicating his receipt of it on May 5, 2005. Additionally, he has submitted a copy of his grievance signed by him on May 6, 2005.

Mr. McFarland alleges that he was the subject of racial discrimination because talking Europeans weren't told to shut up. While it is true that the Fourteenth Amendment prohibits racial discrimination, "[t]here is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977). Telling Mr. McFarland to shut up even though others were not so instructed is such an imposition.

Mr. McFarland alleges that beyond being told to shut up, he was also fired because of his race. The facts presented by Mr. McFarland cannot support this allegation. Though the Europeans were not fired, neither is it alleged that they argued with the supervisor and refused to shut up when so ordered. Mr. McFarland did both of these things after lunch and just before he was sent back to his housing unit. Therefore the Europeans were not similarly situated.

Mr. McFarland further alleges that he was fired in retaliation for his having filed a grievance. Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See* Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir.2000). To state claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See* Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977).

The facts alleged in this complaint cannot support the allegation of retaliation. The documents submitted by Mr. McFarland show that he was fired on May 2, but that he did not file a grievance until May 6, four days later. Since he was fired before he filed the grievance, it could not have been a substantial or motivating factor in the decision to fire him. Though Mr. McFarland alleges that he said that he was going to file a grievance before he was fired, the First Amendment doesn't protect threats. Though he had the right to file a grievance, Mr. McFarland is a prisoner and he did not have the right to threaten to file one nor to refuse to shut up when so ordered.

Mr. McFarland alleges that he was denied due process when he was fired, but a prisoner has no liberty or property interest in a prison job, so deprivation of that job does not violate his procedural due process rights. DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000). Additionally, a prison does not need a reason

5

to relocate an inmate, nor is a prisoner entitled to due process before he is relocated. Sandin v. Conner, 515 U.S. 472, 485 (1995).

Mr. McFarland alleges that he was given a frivolous conduct report. An inmate states a claim under § 1983 if an official issues a false report that is the basis for the sanctions against the inmate if the inmate was also denied his rights under Wolff v. McDonnell, 418 U.S. 539 (1974).

> [A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell are provided.

Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1983). To state a claim, then, Mr. McFarland must have had false charges filed against him which were the basis for the sanctions against him and he must have been denied his rights under Wolff in the hearing on those false charges. Furthermore, an inmate is only entitled to the due process protections of Wolff if he is sanctioned with the loss of good time, because lesser sanctions are a part of the normal incidence of prison life. *See* Sandin v. Conner, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.") Mr. McFarland does not allege, and based on this complaint it would not be reasonable to infer, either that he lost good time as a result of the false charges or that he was denied his Wolff rights if he did.

For the foregoing reasons, the court:

6

(1) **CONSTRUES** the letter (docket # 6) as a motion pursuant to Fed. R. Civ. P. 59;

(2) **GRANTS** the Rule 59 motion (docket # 6);

(3) **VACATES** the judgement (docket # 5); and

(4) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: July 11, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court